IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALISHER NORBOEV, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) ) Case No. CIV-26-107-SLP |
| TODD M. LYONS, et al., | ) ) |
| Respondents. | ) ) |

**O R D E R**

Petitioner, Alisher Norboev, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Before the Court is the Report and Recommendation [Doc. No. 15] (R&R) of United States Magistrate Judge Chris M. Stephens. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 16] to which Petitioner responded [Doc. No. 17] and the matter is at issue. The Court reviews de novo any portion of the R&R to which Respondents have made specific objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS IN PART the Petition.

Petitioner, a citizen of Uzbekistan, entered the United States on or about April 18, 2023. On April 21, 2023, he was placed into removal proceedings by U.S. Immigration and Customs Enforcement (ICE) and was subsequently released from detention in April 2023. On July 31, 2023, Petitioner filed an application for asylum and further alleges that

since his release in April 2023, he has not engaged in unlawful activity, committed any crimes, or violated any conditions of release imposed by ICE.

On January 8, 2026, ICE apprehended Petitioner during a traffic stop. As set forth in the R&R, Petitioner has been held without bond because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), "which holds that those who entered the United States without admission or parole are ineligible for a bond hearing." R&R [Doc. No. 15] at 2. In the Petition, Petitioner alleges he was detained at Cimmaron Correctional Facility in Cushing, Oklahoma. However, as noted in the R&R, Petitioner was transferred to the Diamondback Correctional Facility in Watonga, Oklahoma where he remains detained.[1]

On January 9, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act and a violation of his due process rights under the Fifth Amendment to the United States Constitution. R&R [Doc. No. 15] at 3; Pet. [Doc. No. 1]. Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights. As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

The Magistrate Judge issued a thorough and well-reasoned R&R and concluded that habeas relief should be granted, in part. As an initial matter, the Magistrate Judge found that 8 U.S.C. § 1252(g) is not a jurisdictional bar to this Court's review of the claims asserted by Petitioner. The Magistrate Judge then recommended that the Court grant

---

[1] See ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited Feb. 23, 2026).

habeas relief and order Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that time period.  The Magistrate Judge also recommended that the Court order Respondents to certify compliance by filing a status report within ten business days of the Court's Order.  Finally, the Magistrate Judge recommended that the Court decline to address Petitioner's due process claim[2] and deny Petitioner's Emergency Motion for Temporary Restraining Order as moot.

Respondents object to the R&R, arguing that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention rather than 8 U.S.C. § 1225(b)(2)(A).  The Court concurs with the Magistrate Judge's findings and, having thoroughly reviewed the Objection, rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A).  The Court further adopts the reasoning set forth in *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more detailed Order, these same issues.  In doing so, the Court joins the decision reached by the vast majority of district courts in this judicial district,[3] in district courts within the Tenth Circuit[4]

---

[2] Neither party has objected to the Magistrate Judge's recommendation that the Court need not address Petitioner's due process claim and the Court concurs with that recommendation.

[3] *See, e.g., Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641 at *2 (W.D. Okla. Jan. 13, 2026) (collecting cases in this judicial district finding that § 1252(g) does not present a jurisdictional bar); *Lopez*, 2026 WL 165490 at *5 (collecting cases in this judicial district concluding that §1225(b)(2) does not govern the petitioner's detention).

[4] *See, e.g.*, *Aguilar Tanchez v. Noem*, No. 2:25-cv-1150, 2026 WL 125184 (D. Utah Jan. 16, 2026); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025).

and across the country[5] to have addressed the same issues as those raised by Petitioner.[6] The Court's decision is also in accord with the Seventh Circuit, which rejected the statutory interpretation of §1225(b)(2) as urged by Respondents. *See Castañon-Nova v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 15] is ADOPTED and the Petition [Doc. No. 1] is GRANTED IN PART as follows:

1. Petitioner's claim for violation of the Immigration Nationality Act is GRANTED. Respondents are ORDERED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

2. Petitioner's due process claim is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Respondents shall certify their compliance with this Order by filing a status report within ten (10) days of this Order. The status report

---

[5] *See, e.g., Lopez*, 2026 WL 165490 at *7 (collecting cases concluding that §1226(a) is the governing statutory framework).

[6] The Court is certainly aware of authority to the contrary, including two decisions entered in this judicial district. *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 at **3-5 (W.D. Okla. Jan. 6, 2026); *Montoya v. Holt*, No. CIV-235-1231-JD, 2025 WL 3733302 at **5-12 (W.D. Okla. Dec. 26, 2025).

shall detail whether Petitioner was provided a bond hearing or has been released, including the associated dates with either action.

    A separate judgment shall be entered.

    IT IS SO ORDERED this 23rd day of February, 2026.

                                              SCOTT L. PALK
                                              UNITED STATES DISTRICT JUDGE